UNITED STATES of America, Appellee,

v.

James Carleton HARLIN, Appellant.

No. 76–1384.

United States Court of Appeals, Ninth Circuit.

July 19, 1976.

Certiorari denied Nov. 8, 1976.
See 97 S.Ct. 362.

---

Tom O'Toole, Federal Public Defender (argued), Phoenix, Ariz., for appellant.

Joel D. Sacks, Asst. U. S. Atty. (argued), Phoenix, Ariz., for appellee.

OPINION

Before WRIGHT, KILKENNY and SNEED, Circuit Judges.

SNEED, Circuit Judge:

Appellant Harlin was convicted of conspiracy to distribute cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b) and 21 U.S.C. § 846. He was sentenced to a two-year term of confinement on each count, sentences to run concurrently. At an earlier date he was acquitted of a count charging distribution of cocaine. He appeals and our jurisdiction rests on 28 U.S.C. § 1291.

Three issues are raised by this appeal. First, he asserts that the trial court deprived him of due process when it stated in his presence to counsel representing a co-defendant ". . . I assume you have advised her of the penalties of perjury . . . and that if it appears that a defendant is lying, the Court can take that into account, too." Second, he insists that there exists insufficient evidence to sustain his conviction. And, finally, he contends that the trial court erred in denying the defendant's Rule 35 motion to reduce his sentence because of its disparity with that received by his co-defendants.

We hold that none of these contentions is meritorious. Thus, we affirm.

I.

*The Perjury Admonition.*

Appellant's conviction arose from the negotiation and ultimate sale of cocaine to

Frederick Mann, a government agent. Appellant took no part in the negotiations or sale, but was present during most of the negotiations and the final sale. The Government contended at trial that appellant was in actuality the "supplier" of the cocaine.

Appellant did not testify during his trial. While contemplating whether or not to testify, the trial judge—out of the jury's presence—directed to counsel of a co-defendant the statement set out above. The next day appellant's counsel informed the court of appellant's decision not to testify, citing the court's prior admonition to the co-defendant as the controlling factor.

He argues that the trial court's remarks to counsel for a co-defendant intimidated him from testifying and thus denied him of due process. In support of this argument he relies on *Webb v. Texas*, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972), where it was said that the court should refrain from using "unnecessarily strong terms" or threatening remarks which tend to "effectively [drive a] witness off the stand" so as to permit the accused to present the best possible defense and voluntarily determine whether or not to testify. *Id.* at 98, 93 S.Ct. 351. *Webb*, assuming its applicability when the warning is not addressed to the defendant, does not, however, stand for the proposition that merely warning a defendant of the consequences of perjury demands reversal. The admonition needs to be threatening and employ coercive language indicating the court's expectation of perjury. *Griffin v. Weinberger*, 492 F.2d 969, 970 (5th Cir. 1974); *United States v. Miller*, 491 F.2d 638, 648 n. 17 (5th Cir. 1974). The trial judge's warning to counsel for a co-defendant in this case was neither coercive, threatening, grossly improper nor prejudicial. Thus, no error is presented.

## II.

### *Sufficiency of the Evidence.*

Next appellant contends that insufficient evidence was presented during his trial to sustain his conviction. Viewing the evidence in a light most favorable to the Government, *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United Statss v. Moore*, 522 F.2d 1068, 1079 (9th Cir. 1975), *cert. denied*, 423 U.S. 1049, 96 S.Ct. 775, 46 L.Ed.2d 637, 44 U.S.L.W. 3397 (1976), we cannot agree. The record is replete with competent evidence sufficient to link the appellant to a conspiracy and possession. *See Green v. United States*, 282 F.2d 388 (9th Cir. 1960), *cert. denied*, 365 U.S. 804, 81 S.Ct. 469, 5 L.Ed.2d 460. The jury could have reasonably concluded that appellant was the supplier, that he had constructive possession over the proscribed substance, *see United States v. Bonham*, 477 F.2d 1137, 1138 (3d Cir. 1973), or that he was at least a "transactional element" in the sale. *See United States v. Terrell*, 474 F.2d 872, 875 (2d Cir. 1973). We conclude that the evidence is sufficient to sustain the verdict.

## III.

### *Disparity of Sentences.*

Finally appellant alludes to the fact that he received a more severe sentence than his co-defendants who were charged with the same three counts. The record reveals that one individual, Yago, entered a plea of guilty to Count II, the Count of which appellant was acquitted, and received a three-year sentence, two months in the custody of the attorney general and the balance on probation provided that she pay $150.00 to a drug addiction program. Another individual, Rhyne, entered a plea of guilty to Count II and received four years probation on the condition that she pay $300.00 to a drug addiction program. A third individual, Ramierez, was acquitted on all counts. Appellant proceeded to trial, was found guilty on Counts I and III, and received sentences of two years on each count, sentences to be served concurrently. Appellant contends that the disparity in the sentences imposed is not warranted by the evidence nor the presentence report and relies on this Court's decision in *United States v. Capriola*, 537 F.2d 319 (9th Cir.

filed Jan. 22, 1976, amended Feb. 6, 1976). While appellant's claim possesses some merit, we believe that he reads *Capriola* much too broadly.

In *Capriola* it was argued that more severe sentences were imposed on the defendants because they exercised their right to stand trial. We held that if true, the constitutional rights of the defendants had been infringed and we remanded, stating that

> When there is substantial disparity in sentences imposed upon different individuals for engaging in the same criminal activity, the preservation of the appearance of judicial integrity and impartiality requires that the sentencing judge record an explanation. *Id.* at 321.

Appellant does not contend that he was penalized because he exercised his right to stand trial. Rather, he argues that neither the evidence nor the presentence report warrants the disparate sentences.

We think this is incorrect. There is sufficient evidence in the record, not only to sustain the conviction on the two counts, but also to make unnecessary the recording of the explanation required by this Court in *Capriola*. Under the circumstances of this case it is not unreasonable to assume that the trial court treated the appellant as a supplier in fixing the sentence. The sentence imposed is not disparate under such an assumption. In any event, the sentences here imposed are not "substantially disparate" within the meaning of *Capriola*.

AFFIRMED.