UNITED STATES of America,
Plaintiff-Appellee,

v.

Joseph Grant HALL,
Defendant-Appellant.

No. 85-1001.

United States Court of Appeals,
Ninth Circuit.

Submitted June 13, 1985.*

Decided Dec. 20, 1985.

Stephen M. McNamee, U.S. Atty., Susan A. Ehrlich, Booker T. Evans, Asst. U.S. Attys., Phoenix, Ariz., for plaintiff-appellee.

Robert Alan Hershey, Tucson, Ariz., Laurence B. Finegold, Franco, Asia, Bensussen, Coe & Finegold, Seattle, Wash., for defendant-appellant.

Before GOODWIN and BRUNETTI, Circuit Judges, and STEPHENS**, District Judge.

BRUNETTI, Circuit Judge.

Joseph Grant Hall appeals the sentence imposed by the district court after his guilty plea to one count of possession with intent to distribute marijuana and one count of conspiracy to possess with intent to distribute marijuana. A codefendant pleaded guilty to the same charges. On appeal, Hall contends the district court improperly imposed vastly disparate sentences on these two defendants without explaining on the record the reasons for disparity.

We affirm.

In July 1984, the United States Attorney filed a two-count indictment charging seven defendants with conspiracy to possess with intent to distribute a quantity of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846, and with possession with the intent to distribute a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Codefendant Walter Marrero was named in both counts and pleaded guilty to both counts. Hall was named only in count two, the possession with intent to distribute count. Pursuant to a negotiated plea agreement, however, the government filed a one-count information against Hall charging him with the same conspiracy to possess marijuana alleged in the indictment,

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R. App.P. 34(a) and Ninth Circuit Rule 3(f).

** The Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

and Hall pleaded guilty to both counts with which he was charged. The language pleaded in the information tracks the language of conspiracy count of the indictment. The alleged conspiracy covers the same time period from on or about June 11, 1984, through on or about June 14, 1984, in Tucson, Arizona and involves the same co-conspirators.

Thus, Hall and codefendant Marrero both pleaded guilty to one count of conspiracy to possess with intent to distribute marijuana and one count of possession with intent to distribute marijuana arising out of the same criminal activity. The judge sentenced Hall to five years in custody and a $15,000 fine on each count. The judge sentenced Marrero to five years in custody on each count to which he pleaded guilty, but suspended execution of the sentence on the possession count and placed Marrero on five years probation to follow the period of custody. Marrero was not fined. Hall appeals his sentence.

 Appellate review of sentencing is very narrow. *United States v. Chiago*, 699 F.2d 1012, 1014 (9th Cir.) *cert. denied*, 464 U.S. 854, 104 S.Ct. 171, 78 L.Ed.2d 154 (1983); *United States v. Garrett*, 680 F.2d 650, 652 (9th Cir.1982). It has long been the rule that the matter of sentencing is within the discretion of the sentencing judge and generally is not reversible as long as the sentence falls within the bounds set by statute. *United States v. Chiago*, 699 F.2d at 1014; *United States v. Garrett*, 680 F.2d at 652. The Eighth Circuit has stated that "[i]f there is one rule in the federal criminal practice which is firmly established, it is that the appellate court has no control over a sentence which is within the limits allowed by statute." *Gurera v. United States*, 40 F.2d 338, 340–341 (8th Cir.1930). This has generally been the rule throughout the country, although very limited exceptions have been carefully carved. *See* Annot., 21 A.L.R.Fed. 655 (1973). Hall acknowledges this, as well as the fact that persons convicted of the same crime need not receive similar sentences. *Schneider v. California*, 427 F.2d 1178,

1179 (9th Cir.) *cert. denied*, 401 U.S. 929, 91 S.Ct. 925, 28 L.Ed.2d 209 (1971). Hall argues, however, that in the case of similar codefendants, where there is a disparity in the punishment given, the disparity must be explained on the record. Hall relies on *United States v. Capriola*, 537 F.2d 319 (9th Cir.1976) and *United States v. Stevenson*, 573 F.2d 1105 (9th Cir.1978) for his argument. The government contends *Capriola* must be limited to its facts. We agree.

*Capriola* involved nine defendants. By the time of the trial, all but two had been dismissed or pleaded guilty. Capriola and Freeze went to trial. Even though the record indicated greater culpability and/or prior criminal records for the other defendants, Capriola and Freeze received, respectively, six years and three years in custody plus a special parole term, while the seven other defendants received probationary sentences or terms to be served concurrently with sentences already being served. *Id.* at 320. On appeal, Capriola and Freeze argued that they received more severe sentences because they exercised their constitutional right to stand trial. The Court found that proper reasons for this disparity could exist, but they were not readily discernible from the record. The judgments of conviction were affirmed, but the case was remanded to enable the District Court to reconsider the sentences and to determine if either defendant had been penalized for exercising his right to stand trial. *Id.* at 321.

The *Capriola* holding has been limited to situations in which individuals are penalized for exercising their right to stand trial:

*United States v. Capriola*, 537 F.2d 319 (9th Cir.1976), holds that a disparity in sentencing should be explained when that disparity might suggest that a more severe sentence was imposed upon a defendant *because* he exercised his right to stand trial. Petitioners misread this holding to apply to the circumstances of their case. In the case before us, all of the codefendants stood trial together and there is no suggestion of an infringement upon the petitioners' constitutional right to stand trial.

*United States v. Garrett*, 680 F.2d at 652 (emphasis in original); *see also, United States v. Thompson*, 541 F.2d 794, 796 n. 1 (9th Cir.1976). Where infringement of a defendant's constitutional rights is implicated, appellate courts have, indeed, exercised supervisory authority in the administration of justice to review even a sentence within statutory limits. *See Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) (denial of due process); *United States v. Stockwell*, 472 F.2d 1186, 1187 (9th Cir.) *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973) (constitutional right to stand trial); *Gebhard v. United States*, 422 F.2d 281, 284 (9th Cir. 1970) (cruel and unusual punishment); *United States v. Wiley*, 278 F.2d 500 (7th Cir.1960) (supervisory authority exercised to protect right to stand trial); *see also* Annot., 21 A.L.R.Fed. 655 (1973).

Hall does not allege any infringement of his constitutional rights, however. He asks merely for the application of a mechanical rule requiring district judges to explain sentencing decisions on the record. The basis for the *Capriola* holding was the infringement of a constitutional right. In the absence of such infringement, the *Capriola* holding need not be applied mechanically to all cases in which defendants are sentenced differently.

*United States v. Stevenson*, 573 F.2d 1105 (9th Cir.1978) does not require otherwise. In *Stevenson* only two defendants were available for trial. Two weeks before trial Stevenson's codefendant pleaded guilty to one count of conspiracy. Stevenson elected to go to trial. After one day of trial, however, he pleaded guilty to one count of conspiracy. The judge sentenced the codefendant to three years in custody followed by a two-year special parole term which was reduced to a six-month split sentence on work release, and sentenced Stevenson to four years in custody followed by a two-year special parole term. On the record the sentencing judge properly noted the codefendant's youth, lack of sophistication and cooperation with law enforcement officials as grounds for his lesser sentence. *United States v. Stevenson*, 573 F.2d at 1106–07. By articulating these factors, the court established that Stevenson had not been punished for exercising his constitutional right to stand trial.

In the instant case, neither defendant exercised his right to stand trial. While the district court judge was not required to explain the basis for his sentencing decisions, *United States v. Thompson*, 541 F.2d 794, 795 (9th Cir.1976), during the sentencing hearing the judge indicated that he had read the pre-sentence report and the material offered in mitigation by Hall, and after considering these facts sentenced Hall within the sentencing guidelines. The judge did not abuse his discretion in imposing a sentence within the statutory limits.

AFFIRMED.