878 F.2d 1439
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ringo SHANE, Defendant-Appellant.
 No. 88-3127.
 United States Court of Appeals, Ninth Circuit.
 Submitted* April 25, 1989.
Decided June 29, 1989.
 Before KILKENNY, WIGGINS and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ringo Shane was convicted following a jury trial for conspiracy to distribute cocaine (count I) and possession with intent to distribute (count II). He was sentenced to eight years on each count, the sentences to run consecutively and not concurrently. He filed a timely appeal from his conviction and sentence. We have jurisdiction and AFFIRM.
 
 
 3
 Shane asserts three grounds to reverse his conviction: (1) that an inconsistency exists between the court's remarks from the bench at sentencing and the judgment ultimately entered; (2) that his sentence was markedly greater than the sentences imposed on the other participants who pled guilty and that the court failed to explain the reasons for the difference; and (3) that the prosecutor improperly commented on Shane's failure to testify.
 
 
 4
 * Comments by the Sentencing Judge
 
 
 5
 Prior to sentencing, Shane filed objections to the presentence report. Specifically, he asked the court to disregard two convictions noted in the report for misdemeanor crimes where Shane had not been represented by counsel. He also objected to a statement in the report that Shane possessed 12 ounces of cocaine. No objection was made concerning a third felony drug conviction where counsel represented the defendant.
 
 
 6
 Prior to imposing the sentence, the district court stated that it would not consider, as far as sentencing was concerned, any offense for which the defendant had been convicted "where he was not represented by counsel." As to the defendant's objection that he did not possess 12 ounces of cocaine, the district court advised the defendant that he "stands convicted of what the jury convicted you of ... I heard the evidence in the case, so I am aware of what Mr. Shane was involved with, and the amount the jury found that he possessed at any given time."
 
 
 7
 Notwithstanding these comments, in imposing the sentence, the district court stated in its judgment:
 
 
 8
 In rendering its judgment in this case, the court acknowledges defendant's objections to the presentence report but finds no merit in his arguments. The judgment of this court takes into consideration the quantity and quality of the cocaine involved, the role of the defendant [sic], his criminal history and the serious nature of the offense."
 
 
 9
 It is defendant's contention on appeal that the district court erred in failing to make specific findings as to the factual inaccuracies in the presentence report asserted by the defendant, contrary to Rule 32(c)(3)(D) of the Fed.R.Crim.P. The defendant asserts that the two prior misdemeanor convictions were in fact controverted and the consideration of them by the district judge as a part of his "criminal history" was contrary to the court's earlier statement that the two misdemeanor convictions would be disregarded. We do not read the record as does the defendant.
 
 
 10
 No findings regarding controverted matter in a presentence report are necessary if the court states that the controverted matter will not be taken into account. See INS v. Bagamasbad, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule, courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.") The court made such a statement. The statement was specifically understood by the defendant as referring to the two misdemeanor convictions. The "criminal history" of the defendant relevant to this matter was his prior felony conviction, not the misdemeanor convictions. The defendant did not object to the district court's consideration of the felony offense. No fact concerning this felony conviction was controverted. It was therefore not error to consider it as a part of the defendant's "criminal history."
 
 
 11
 Likewise, we find no error regarding the quantity of the cocaine the defendant was alleged to possess. The jury, and the district court, heard ample evidence that Shane possessed at various times at least twelve ounces of cocaine. The district court stated that it was aware of the evidence against Shane. It made a finding that the objections of the defendant lacked merit. Under these circumstances, we hold that the district court adequately made a finding required by Rule 32 with reference to the question of the amount of cocaine possessed by the defendant.
 
 II
 The allegedly disparate sentences
 
 12
 Shane was sentenced to two consecutive eight year sentences for his two count conviction. All of the other codefendants involved in the conspiracy who had been apprehended entered guilty pleas. One, the "mastermind", entered a guilty plea to one count and was sentenced to 15 years. Others were sentenced to terms ranging from five years to 16 months.
 
 
 13
 The defendant asserts that his sentence of 16 years is unconstitutionally disparate and reflects a penalty for his election to stand trial. If the defendant is correct in his assertion, his conviction is subject to reversal, see United States v. Stockwell, 472 F.2d 1186 (9th Cir.), cert. denied, 411 U.S. 948 (1973); or, at least, the sentencing court should have provided an explanation for the evident disparity, see United States v. Capriola, 537 F.2d 319 (9th Cir.1976).
 
 
 14
 We do not find that the sentences imposed were unconstitutionally disparate. The court sentenced Shane to a term authorized by law. Unlike his codefendants, Shane did not bargain for a lesser sentence. The district court acted well within its discretion in sentencing Shane to consecutive eight year terms.
 
 III
 Prosecutor's comment
 
 15
 Shane alleges that the prosecutor unconstitutionally commented upon his failure to testify. We do not find that the prosecutor made any improper comment in questioning a witness regarding the voice identification of Mr. Shane. To be sure, this testimony could have been answered by Shane taking the stand and denying the testimony of the witness. It was doubtless a painful decision for him to stand by his fifth amendment right not to testify. However, the statement made by the witness in response to a proper question put by the prosecutor made no mention of the fact that the defendant had not taken the stand on his own behalf, or would not do so.
 
 IV
 Conclusion
 
 16
 We find the arguments made by the defendant not to be well taken. Accordingly, his conviction and sentence is AFFIRMED.