945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Jay BLUMBERG, Defendant-Appellant.
 No. 91-30002.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1991.*
Decided Oct. 8, 1991.
 
 Before HUG, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Jay Blumberg appeals his conviction and sentence following a bench trial for one count of possession with intent to distribute cocaine within 1,000 yards of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 845a and 18 U.S.C. § 2, and one count of filing a false income tax return, in violation of 26 U.S.C. § 7206(1).[1] Blumberg raises two contentions of error on appeal. First, he contends the district court admitted into evidence Blumberg's previous testimony in a state court prosecution which was tainted by outrageous governmental conduct and/or entrapment. Second, he contends the district court failed to individualize Blumberg's sentence and/or imposed a sentence upon him so disproportionately severe as to constitute cruel and unusual punishment in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * Admissibility of Prior Testimony
 
 
 4
 Blumberg contends the district court erred by failing to suppress statements he made in his own defense at an earlier state court trial on charges of attempted murder. Blumberg argues he was forced to take the stand in that earlier trial in order to combat charges which resulted from outrageous governmental conduct and/or entrapment. The apparent basis of his claim on appeal is that he was coerced into incriminating himself in the state court trial as a result of the government's improper conduct and that, therefore, his prior testimony was analogous to a coerced confession and should not have been admissible against him in the proceeding below.
 
 
 5
 Because this case presents no relevant issues of fact, we review de novo the district court's decision to deny a motion to suppress. United States v. Thomas, 844 F.2d 678, 680 (9th Cir.1988). "The general rule is 'that a defendant's testimony at a former trial is admissible against him in a later proceeding.' " United States v. Baker, 850 F.2d 1365, 1370 (9th Cir.1988) (quoting Harrison v. United States, 392 U.S. 219, 222 (1968)). In Harrison, the Supreme Court identified an exception to this general rule: when "the prosecution introduces an inadmissible confession at trial and thereby compels the defendant to testify in rebuttal, use of the defendant's testimony at a later proceeding is barred." Baker, 850 F.2d at 1370.
 
 
 6
 Blumberg analogizes from Harrison to argue that allowing the government to introduce his testimony from an earlier state trial on charges which were the result of entrapment and/or outrageous governmental conduct similarly impinges on his Fifth Amendment privilege against self-incrimination. Blumberg's trial strategy in the state court was to demonstrate that he was seeking to collect on an old drug dealing debt, not to arrange any murders. In the state court trial, Blumberg failed to raise the defense of outrageous governmental conduct and specifically disavowed any reliance on entrapment as a theory of defense. Instead, he sought to bolster his credibility as a witness by admitting to his past narcotics trafficking.
 
 
 7
 As we noted in Baker, "[t]he decision to testify always involves the threat of a subsequent prosecution for perjury, if the defendant lies on the stand. Similarly, we do not think that a defendant can expect to admit with impunity a crime for which he or she is liable." Baker, 850 F.2d at 1370. Blumberg made a tactical decision in the state court to pursue a defense strategy involving self-incriminating testimony rather than alleging entrapment or outrageous governmental conduct. The government did not force him to testify or coerce him into giving up his Fifth Amendment rights. "Every time a defendant decides whether to testify, he must weigh the possibility that the testimony he gives may later be used against him." United States v. Nolan, 700 F.2d 479, 483 (9th Cir.) (desire not to testify on charges contained in one count due to likelihood of self-incrimination in subsequent prosecution insufficient to justify severance of that count), cert. denied, 462 U.S. 1123 (1983).
 
 
 8
 Blumberg implicitly waived his outrageous governmental conduct argument by failing to raise it in the state court trial and expressly waived the entrapment defense in the state court. Harrison does not apply to a defendant's tactical decision in the state court to utilize self-incriminating testimony in his own defense. See Baker, 850 F.2d at 1370. Therefore, the factual allegations underlying Blumberg's motion to suppress were irrelevant and the district court did not err by denying Blumberg's motion to suppress without an evidentiary hearing.
 
 II
 Disproportionate Sentencing
 
 9
 Blumberg contends the district court erred by imposing a more severe sentence on him than on his allegedly equally or more culpable accomplices. Blumberg argues that the sentence he received violated his rights to substantive and procedural due process as well as his right to an individualized sentence.
 
 
 10
 "A sentence within the statutory limits is generally not reviewable unless there are constitutional concerns." United States v. Citro, 842 F.2d 1149, 1153 (9th Cir.), cert. denied, 488 U.S. 866 (1988). "When there is substantial disparity in sentences imposed upon different individuals for engaging in the same criminal activity, the preservation of the appearance of judicial integrity and impartiality requires that the sentencing judge record an explanation." United States v. Capriola, 537 F.2d 319, 321 (9th Cir.1976). Remand, however, is only required where "the record is devoid of reasons to support the disparity." Citro, 842 F.2d at 1153. Further, there is no constitutional right to individualized sentences in non-capital criminal cases. Lockett v. Ohio, 438 U.S. 586, 605 (1978); United States v. Belgard, 894 F.2d 1092, 1100 (9th Cir.1990).
 
 
 11
 Here, Blumberg was found guilty of possession with intent to distribute cocaine within 1,000 yards of a school and filing a false income tax return and was sentenced to twenty years incarceration.[2] None of Blumberg's accomplices pled guilty to as severe an offense, nor were any of them subject to the ten year mandatory minimum or life maximum sentence required on the conviction for violation of 21 U.S.C. § 841(b)(1)(A)(ii). In addition, Blumberg's accomplices were sentenced before a different judge in different cases.
 
 
 12
 The facts considered by the district court and recorded in the sentencing transcript regarding Blumberg's offense of conviction support the severity of the sentence imposed on him. See Citro, 842 F.2d at 1153. Blumberg's contention that his liberty interest in individualized sentencing has been violated has no legal foundation because there is no liberty interest in individualized sentencing. See Belgard, 894 F.2d at 1100. Finally, the district court did not sentence Blumberg's criminal cohorts and could not, therefore, explain her reasons for sentencing Blumberg in relation to her reasons for sentencing his accomplices. The disparity between the sentence received by Blumberg and those received by his accomplices does not implicate Blumberg's due process rights. See id.; Citro, 842 F.2d at 1154.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's judgment order erroneously states that Blumberg was convicted of "possession with intent to distribute cocaine within 1,000 yards of a school, in violation of 21 USC 841(a)(1); 18 USC 841(b)(1)(A)(ii) and 845(a) as charged in Count 1 of the indictment and filing false tax return [sic] for 1986 as charged in Count 5 of the indictment, in violation of 26 USC 7206(1)." In fact, Count 1 of the indictment charged Blumberg with violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 845a, and 18 U.S.C. § 2
 The district court's statements at conviction and sentencing indicate the intention to find Blumberg guilty on the charges specified in Counts 1 and 5 of the indictment. Therefore, because "[i]t is the words pronounced by the judge at sentencing, not the words reduced to writing in the judge's Judgment/Commitment Order, that constitute the legal sentence," United States v. Bergmann, 836 F.2d 1220, 1221 (9th Cir.1988), we refer to Count 1 of the indictment for the correct violations of statute.
 
 
 [2]
 Because the offenses of conviction took place prior to November 1, 1987, the Sentencing Reform Act of 1984 was not applicable