959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William H. ANHOOD, Defendant-Appellant.
 No. 91-50020.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 13, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William H. Anhood appeals pro se his conviction and sentence following entry of a guilty plea to eight counts of mail fraud in violation of 18 U.S.C. § 1341. In this pre-United States Sentencing Guidelines case, Anhood contends the district court erred by imposing on him a more severe sentence than was received by a similarly situated defendant in a related case. In addition, Anhood claims the government breached its plea agreement with him. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 "A sentence within the statutory limits is generally not reviewable unless there are constitutional concerns." United States v. Citro, 842 F.2d 1149, 1153 (9th Cir.), cert. denied, 488 U.S. 866 (1988). Although a sentencing court is required to explain disparities in "sentences imposed upon different individuals for engaging inthe same criminal activity," United States v. Capriola, 537 F.2d 319, 321 (9th Cir. 1976) (per curiam), this requirement has been limited to situations in which a defendant's right to trial is implicated, United States v. Monroe, 943 F.2d 1007, 1018 (9th Cir. 1991), petition for cert. filed, 60 U.S.L.W. 3544 (U.S. Jan. 17, 1992) (No. 91-1186). Even in those circumstances, however, remand is only required where "the record is devoid of reasons to support the disparity." Citro, 842 F.2d at 1153.
 
 
 4
 Here, Anhood pleaded guilty to eight counts of mail fraud which arose out of a kickback scheme involving employees of the victim businesses, all hospitals. In return for the kickbacks, employees of the victim businesses paid Anhood's companies for goods and services which were not actually provided to those businesses. The counts to which Anhood pleaded guilty covered approximately $28,000 in fraudulent activity. Anhood was sentenced to 40-month concurrent terms on each of seven counts and was fined $250,000. On the eighth count, sentence was suspended and Anhood was placed on three years probation commencing on his release from custody.
 
 
 5
 At the sentencing hearing, Anhood argued that a similarly situated defendant had received a ten-month sentence and a $25,000 restitution order in a related case before a different judge. This alleged similarly situated defendant, however, pleaded guilty to only 3 counts of mail fraud involving a total of approximately $8,000 in fraudulent mailings.
 
 
 6
 The facts considered by the district court and recorded in the sentencing transcript regarding Anhood's offense of conviction support the severity of the sentence imposed on him. See Citro, 842 F.2d at 1153. Further, the district court did not sentence the alleged similarly situated defendant and could not, therefore, explain its reasons for sentencing Anhood in relation to that defendant. In addition, Anhood did not exercise his right to trial. Thus, the disparity between the sentence received by Anhood and that received by the alleged similarly situated defendant does not implicate Anhood's constitutional rights. See id. at 1154.
 
 
 7
 Anhood also argues that the government breached a pre-indictment plea agreement when it filed its 18-count indictment in this case. The government contends, and Anhood does not dispute, that the alleged pre-indictment plea agreement was not filed in the district court. Exhibits and documents not filed in the district court or admitted into evidence are not part of the appellate record. Fed.R.App.P. 10(a); United States v. Sanchez-Lopez, 879 F.2d 541, 548 (9th Cir.1989). Accordingly, we grant the government's motion to strike the evidence of the pre-indictment plea agreement from the record on appeal. See Sanchez-Lopez, 879 F.2d at 548.[1]
 
 
 8
 In addition, Anhood failed to raise this claim in the district court. "It is well settled that '[a] party must raise an objection initially to the trial court to preserve it for appeal.' " United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990) (citation omitted). Therefore, we decline to address this argument on appeal. See id.
 
 
 9
 To the extent that Anhood premises his argument on a claim of ineffective assistance of counsel, we also decline to address this issue on direct appeal. Generally, we do not review claims of ineffective assistance of counsel on direct appeal because facts outside the record, but necessary to the disposition of the claim, are not fully developed in the record on direct appeal. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). Such is the case here. Trial counsel has had no opportunity to explain his actions regarding the failure to introduce into evidence the alleged pre-indictment plea agreement.
 
 
 10
 The government's motion to strike is GRANTED IN PART and the decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny the government's motion to strike documents relating to the conviction and sentencing of the alleged similarly situated co-defendant. It is evident from statements made at the sentencing hearing by the district court that the court was aware of this information at the time that it sentenced Anhood