9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert ROULAND, Defendant-Appellant.
 No. 92-10253.
 United States Court of Appeals, Ninth Circuit.
 Oct. 14, 1993.*
 
 Before: FERGUSON, THOMPSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Robert Rouland appeals his sentence, following our affirmance of his convictions and remand for resentencing. He argues that the district court improperly denied his motion for recusal, his motion to disqualify the entire United States Attorney's Office, and his motion to strike the presentence report. He also claims that the district court imposed a sentence that was unconstitutionally disparate to codefendant Raul Martinez.
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1) and we affirm.
 
 STANDARD OF REVIEW
 
 4
 We review Rouland's recusal, prosecutorial disqualification, and disparate sentencing claims for abuse of discretion. Molina v. Rison, 886 F.2d 1124, 1131 (9th Cir.1989) (recusal); United States v. Davis, 932 F.2d 752, 763 (9th Cir.1991) (disqualification of prosecutor); United States v. Pomazi, 851 F.2d 244, 247 (9th Cir.1988) (unconstitutionally disparate sentencing). The legality of a sentence is reviewed de novo. Id.
 
 DISCUSSION
 A. Recusal
 
 5
 Recusal is necessary only in cases in which "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986) (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir.1984)). The basis for recusal "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966).
 
 
 6
 Rouland's assertions of judicial bias fail to establish that any bases for recusal stemmed from an extrajudicial source or that the district court was biased in favor of the government or against him. We conclude the district court did not err in denying Rouland's recusal motion.
 
 
 7
 B. Motion to Disqualify United States Attorney's Office
 
 
 8
 Rouland's argument that the district court erred in denying his motion to disqualify the United States Attorney's Office is meritless, and we reject it.
 
 C. Motion to Strike Presentence Report
 
 9
 The Federal Rules of Criminal Procedure require that when a defendant alleges a factual inaccuracy in a presentence report, the court must respond in one of two ways. It may make a finding as to the allegation and attach a written record of that finding to the presentence report. Otherwise, it may determine that no such finding is necessary because the court will not consider the controverted facts in sentencing. Fed.R.Crim.P. 32(c)(3)(D).
 
 
 10
 The district court held hearings at which it made findings as to Rouland's allegations. It ordered the government's Statement of Facts Proven at Trial, as well as a transcript of one the hearings, appended to the presentence report. The court complied with Rule 32(c)(3)(D).
 
 
 11
 Rouland contends he had insufficient time to challenge facts in the report, and the court refused to listen to his arguments. This contention is belied by the record. At the beginning of the resentencing hearing Rouland's counsel stated that he had reviewed the government's factual statement with Rouland and that they could go forward. Later, Rouland's counsel stated that he had "spent a great deal of time reviewing this with Mr. Rouland...." The record further reveals that the district court reviewed all of the materials submitted by Rouland. The court refused to permit Rouland to repeat the same arguments previously submitted in writing, but the court did not preclude Rouland from arguing additional matters at the resentencing hearing.
 
 D. Unconstitutionally Disparate Sentence
 
 12
 "When there is substantial disparity in sentences imposed upon different individuals for engaging in the same criminal activity, the preservation of the appearance of judicial integrity and impartiality requires that the sentencing judge record an explanation." United States v. Capriola, 537 F.2d 319, 321 (9th Cir.1976).
 
 
 13
 The district court fully explained its reasons for imposing a more severe sentence on Rouland than on his codefendant. Rouland intentionally concealed his direct involvement in the illegal transactions to lessen his apparent culpability. As a former law enforcement officer, his awareness of the illegality of his actions was acute. These reasons support the district court's sentence.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government's motion to strike portions of Rouland's opening brief is denied