BRIGHT, Circuit Judge,
dissenting.
I concur with respect to the majority’s decision denying Defendant-Appellant James Fry’s (Fry) claim under the Double Jeopardy Clause of the Fifth Amendment because of the absence of “good cause” for failing to make a timely challenge. But I dissent as to Fry’s 210-month (17 ]é-year) heavy sentence. In my view, Fry’s sentence lacks a proper legal basis and is, instead, based solely on the personal opinion of the sentencing judge without a proper analysis under 18 U.S.C; § 3553(a).
Many courts and commentators state the Guidelines related to fraud convictions do not present a reasonable starting point for sentencing.[2] See, e.g., United States v. Watt, 707 F.Supp.2d 149, 151 (D.Mass.2010) (“The Guidelines were of no help; if not for the statutory maximum, the Guidelines ... would have called for a sentence of life imprisonment.”); United States v. Adelson, 441 F.Supp.2d 506, 510, 515 *894 (S.D.N.Y.2006) (finding the Guidelines in a securities-fraud prosecution were “patently absurd on their face” due to the “ ‘piling-on’ of points for which the guidelines have frequently been criticized”); Andrew Weissmann & Joshua A. Block, White-Collar Defendants and White-Collar Crimes, 116 Yale L.J. Pocket Part' 286’, 286 (2007) (stating the “Guidelines for fraud and other white-collar offences are too severe” and are greater than “necessary to satisfy ... traditional sentencing goals”). This case is no different. The computed advisory Guideline -sentence for Fry’s crimes was 1440 months’ (120 years’) imprisonment — a life sentence, and then some, for a 60-year-old defendant. The sentencing judge recognized, as would almost every federal sentencing judge, that such a Guideline sentence was greatly excessive for Fry’s crimes. Thus, the sentencing judge here appropriately disregarded the advisory Guideline range. See Gall v. United States, 552 U.S. 38, 50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) (holding a sentencing judge cannot “presume that the Guideline range is reasonable” and must depart from the Guideline range when “the justification is sufficiently compelling to support the degree of the variance”).
Because of the lack of guidance provided by the Guidelines, the sentencing judge was left to fashion a sentence under section 3553(a).[3] See id. at 49-50, 128 S.Ct. 586, 169 L.Ed.2d 445; Adelson, 441 F.Supp.2d at 515 (“But where, as here, the calculations under the guidelines have so run amok that they are patently absurd on their face, a Court is forced to place greater reliance on ... section 3553(a).”). But section 3553(a) does not impart upon a sentencing judge “unlimited discretion to *895 impose a sentence without some proper basis.” United States v. Spencer, 700 F.3d 317, 325 (8th Cir.2012) (Bright, J., dissenting). Section 3553(a) requires more than “a mechanical recitation that [a] sentence complies with the requirements of [section] 3553(a).” Id. at 326. Instead, especially when the Guidelines do not apply, sentencing judges should be required to “engage in a meaningful analysis of the [section] 3553(a) factors” in order for a sentence to be upheld by this Court. Id. at 328.[4]
The Supreme Court states that when a sentencing judge makes a departure from the Guidelines range, the sentencing judge “must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.” Gall, 552 U.S. at 50, 128 S.Ct. 586, 169 L.Ed.2d 445; see also Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) (“The sentencing judge should set forth enough to satisfy the appellate court that he ... has a reasoned basis for exercising his own legal decisionmaking authority.”). Here, the sentencing judge failed to adequately explain his sentence in a way that allows for meaningful review by this Court.
As previously noted, the sentencing judge imposed a 210-month (17 /¿-year) sentence while failing to analyze any of the section 3553(a) factors except the “nature and circumstances of the offense.” See 18 U.S.C. § 3553(a)(1). In so doing, the sentencing judge imposed a much harsher sentence than received by other individuals involved in the same fraudulent scheme. Most notably, the same sentencing judge imposed a 60-month (5-year), 72-month (6-year), 90-month (7/¿-year), and 130-month (almost 11-year) sentence on 4 other members of the same fraudulent scheme without meaningfully explaining why Fry’s crime warranted a more serious punishment. In the absence of an explicit analysis of the section 3553(a) factors, this Court is left guessing as to the reasoning and motives of the sentencing judge for imposing this punishment. Thus, I would hold the sentencing judge was required, and failed, to hand down a “well-reasoned sentence, and to do so in a fashion that demonstrated that the defendant received the individual consideration due to him under [section] 3553(a).” See Spencer, 700 F.3d at 328-29 (Bright, J., dissenting). I would, therefore, vacate Fry’s sentence, reverse, and remand requiring the sentencing judge to provide a reasoned analysis that allows for meaningful review by this Court.
Fry also makes a compelling argument that we should presume the sentencing judge imposed a vindictive sentence. Fry asserts that vindictiveness should be inferred because his sentence is significantly higher than other similarly-situated defendants who did not exercise their right to trial. To support this claim, Fry cites United States v. Mazzaferro, 865 F.2d 450 (1st Cir.1989) and United States v. Capriola, 537 F.2d 319 (9th Cir.1976) (per curiam), holding limited, United States v. Hall, 778 F.2d 1427 (9th Cir.1985) (limiting Capriola holding to cases where an individual is “penalized for exercising [his/her] right to stand trial”).[5] In both cases, the *896 appellate court remanded for resentencing when the sentencing judge failed to give any reason for a sentencing differential between similarly-situated defendants. Mazzaferro, 865 F.2d at 460; Capriola, 537 F.2d at 320-21. Both courts reasoned that, absent an meaningful explanation for a substantial disparity in sentences between similarly-situated defendants, the “appearance of retaliation,” Mazzaferro, 865 F.2d at 460, was sufficient to require resentencing to preserve the “appearance of judicial integrity and impartiality,” Ca-priola, 537 F.2d at 321.
Remand in cases like Mazzaferro and Capriola is appropriate because, in the absence of some inference of vindictiveness when a sentencing judge imposes disparate sentences among co-defendants without explanation, “retaliatory motivation [is] ... extremely difficult to prove in any individual case.” North Carolina v. Pearce, 395 U.S. 711, 725 n. 20, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Proving causation is especially difficult, in circumstances such as this, where a judge can point to a possible legitimate reason for the decision. See, e.g., Crawford-El v. Britton, 523 U.S. 574, 584-85, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (stating that “an official’s state of mind is easy to allege and hard to disprove” in context of retaliation claim against prison official (internal quotation marks omitted)). Thus, when a judge fails to provide any reason for imposing disparate sentences between similarly-situation individuals, the only relief that can be provided to a defendant is to infer some form of vindictiveness from the absence of that analysis.
The disparity in sentences between Fry and other members of the fraudulent scheme should concern this Court. The Supreme Court has repeatedly held that *897 an individual cannot be punished for exercising a constitutional right. See, e.g., Bordenkircher v. Hayes, 434 U.S. 357, 363, 98 5.Ct. 663, 54 L.Ed.2d 604 (1978). “To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort.... [and] to penalize a person’s reliance on his legal rights is ‘patently unconstitutional.’ ” Id., 98 S.Ct. 663, 54 L.Ed.2d 604 (citations omitted). Further, this Court has held “that whether a defendant exercises his constitutional right to trial by jury to determine his guilt or innocence must have no bearing on the sentence imposed.” Hess v. United States, 496 F.2d 936, 938 (8th Cir.1974).
Here, there is anecdotal evidence that Fry was given a heavier sentence because he exercised his right to trial by jury. The anecdotal evidence comes in the form of lighter sentences imposed by the- same judge on individuals involved in the same fraudulent scheme who elected not to exercise their right to trial by jury. Without a well-reasoned analysis for this disparity by the sentencing judge, we have little, if any, evidence to determine whether vindictiveness actually occurred. We also place Fry in the precarious position of attempting to prove vindictiveness when, I believe, we should await a more robust analysis by the sentencing judge before reaching the issue.
I add another observation to the ruling in this case. Using poker verbiage, the majority gives prosecutors yet another “hole card”[6] to manipulate defendants out of exercising their constitutional right to trial. See, e.g., The Kings of the Courtroom: How Prosecutors Came to Dominate the Criminal-Justice System, Economist, Oct. 4, 2014, at 33-34 (noting some of the ways prosecutors have “accumulated so much power that abuse is inevitable”). The next time a defendant contemplates asserting his/her constitutional right to a trial, a prosecutor need only remind the defendant of the vast difference in sentences between the co-conspirators in this case to persuade a defendant that more severe consequences will be imposed should s/he exercise his/her rights.
In sum, the heavy sentence imposed upon Fry was made without reference to any Guideline and .without a thorough analysis under section 3553(a). Without a reasoned analysis under section 3553(a), we are not left with a sufficient explanation of Fry’s sentence to allow for “meaningful appellate review.” See Gall, 552 .U.S. at 50, 128 S.Ct. 586, 169 L.Ed.2d 445. In the absence of this analysis, I would vacate Fry’s sentence, reverse, and remand to the sentencing judge for further analysis of the section 3553(a) factors.

. This is yet another example that “our sentencing system is broken and a new approach must be taken.” United States v. Noriega, 760 F.3d 908, 912 (8th Cir.2014) (Bright, J., concurring) (citing United States v. Stokes, 750 F.3d 767, 772-73 (8th Cir.2014) (Bright, J., concurring); United States v. Hiveley, 61 F.3d 1358, 1363-66 (8th Cir.1995) (Bright, J., concurring)). Former Attorney General Eric Holder articulated a need to correct the broken sentencing system with regard to nonviolent drug crimes as recently as 2013. See Eric Holder, Attorney General of the United States, United States Department of Justice, Remarks at the Annual Meeting of the American Bar Association’s House of Delegates (Aug. 12, 2013), available at http://www. justice.gov/iso/opa/ag/speechés/2013/ag-speech-130812.html. The need for change in our sentencing system is evident. But until reforms come to the Guidelines and other sentencing provisions are enacted, sentencing judges must be especially mindful that the sentences • imposed are commensurate with the underlying crime. Moreover, in fraud convictions especially, a sentencing judge should rely on the obligations articulated in 18 U.S.C. § 3553(a) to ensure a sentence is fair. United States v. Spencer, 700 F.3d 317, 326 (8th Cir.2012) (Bright, J., dissenting) (concluding a thorough analysis of the section 3553(a) factors "is especially [important] in areas like fraud, where the guidelines have been consistently and repeatedly disregarded by sentencing judges”).

. 18 U.S.C. § 3553(a) provides that a court "shall impose a sentence sufficient, but not greater than necessary, to comply with” the purposes of sentencing. (Emphasis added). To determine the proper sentence/ a sentencing judge is required to consider:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines— (i) issued by the Sentencing Commission pursuant to [28 U.S.C. § 994(a)(1) ], subject to any amendments made to such guidelines by act of Congress ...; and (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to [28 U.S.C. § 994(a)(3) ], taking into account any amendments made to such guidelines or policy statements by act of Congress ...;
(5) any pertinent policy statement—
(A) issued by the Sentencing Commission pursuant to [28 U.S.C. § 994(a)(2) ], subject to any amendments made to such policy statement by act of Congress ...; and
(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.
18 U.S.C. § 3553(a).

. I have repeatedly urged the members of this Court to change our precedent that sentencing judges are not required to make specific findings on the record about each section 3553(a) factor. See Spencer, 700 F.3d at 326 (Bright, J., dissenting).

. The majority dismisses the persuasive authority of both Mazzaferro and Capriola, concluding the Supreme Court’s analysis in Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989) “superseded” the reasoning in both decisions. Yet, neither court has overruled its decision post-Smith. See, e.g., Correia v. Hall, 364 F.3d 385, 391 n. 5 (1st Cir.2004) (citing Mazzaferro for the proposition that when the district court is silent with regard to the reason for a disparity in sentences, the court “cannot rule out the pos *896 sibility that the sentence was imposed in retaliation for [defendant’s] insistence to stand trial” (alteration in original) (citation omitted) (internal quotation marks omitted)); United States v. Monroe, 943 F.2d 1007, 1017-18 (9th Cir.1991) (while noting the Guidelines may make the Capriola decision unnecessary, the Capriola decision still applies to “situation[s] in which the defendant's constitutional right to stand trial is implicated” and requires a sentencing judge to give "reasons to support [a] disparity”). Moreover, in a case where the sentencing judge applied the Guidelines with "specific findings,” this Court held Maz-zaferro was inapplicable because the district court properly gave a reason for the differential — not because Mazzaferro had been overruled by Smith. United States v. Thompson, 51 F.3d 122, 126-27 (8th Cir.1995).
Most importantly, however, I disagree with the majority that the reasoning in Mazzafeiro and Capriola is inconsistent with the Supreme Court’s holding in Smith. In Smith, the Supreme Court “clarified that a presumption of vindictiveness only arises where there is a reasonable likelihood that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority.” United States v. Anderson, 440 F.3d 1013, 1015-16 (8th Cir.2006) (quoting Smith, 490, U.S. at 799, 109 S.Ct. 2201, 104 L.Ed.2d 865) (internal quotation marks omitted). In both Mazzaferro and Capriola, the courts relied on a number of factors in determining a sentence may have been vindictive — not just that the sentence was longer. 865 F.2d at 460 (relying on (1) the judge failed to articulate a reason for the disparity; (2) the defendant played a minor role in the crime; (3) other defendants had a more extensive criminal history; and (4) the sentencing disparity was 10 years); 537 F.2d at 320 (relying on (1) the large disparity in sentences; (2) the judge failed to articulate a reason for the disparity; (3) there was insufficient information for the court to analyze whether vindictiveness occurred). In so doing, the courts’ main issue was the sentencing judge's failure to articulate the reason for the disparity in sentences. Mazzaferro, 865 F.2d at 460; Capriola, 537 F.2d at 320. Because of the absence of information for the appellate court to review, there was a "reasonable likelihood" the sentence was vindictive, such that remand for resen-tencing was appropriate. Smith is not inconsistent with the holding that a failure to articulate a reason for a large sentencing disparity creates a "reasonable likelihood” that the sentencing judge was vindictive.

. A "hole card” is defined as "a hidden advantage or undisclosed resource.” Webster’s New World College Dictionary 680 (4th ed.2007).