**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**Priscilla HULL, Defendant/Appellant.**

**No. 85–5212.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1986.

Decided June 24, 1986.

As Amended on Denial of Rehearing
July 30, 1986.

---

2. See Wilkinson & Anderson, "Land and Resource Planning in the National Forests," 64 Ore.L.Rev. 1, 259–60 (1985).

John P. Doyle, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff/appellee.

Jerald W. Newton, Santa Monica, Cal., for defendant/appellant.

Before BROWNING, Chief Judge, and KENNEDY and BEEZER, Circuit Judges.

PER CURIAM:

Appellant Priscilla Hull was convicted of embezzling mail in violation of 18 U.S.C. § 1709 (1982). Hull worked in the Worldway Postal Center scanning labels on registered mail addressed to Beverly Hills. Because packages containing jewelry had been disappearing from the registered mail section, postal inspectors prepared a test package with the appropriate appearance. Hull did not transfer the test package to the Beverly Hills mail pouch, and postal inspectors later found it in her purse. Appellant was sentenced to three years imprisonment: two years because of the theft for which she was convicted and one year because the court believed she was responsible for earlier thefts. She contends her sentence was imposed in violation of her fifth amendment rights of due process and against self-incrimination. She also contends her right to counsel was violated because the district judge refused to grant a continuance to substitute different counsel. We affirm.

At Hull's first appearance for sentencing, the district judge stated he thought Hull had committed other thefts because packages containing jewelry had disappeared from the section in which Hull worked, Hull had pawned jewelry during this period, and the thefts had stopped after she was fired. He postponed sentencing for a month to allow Hull to develop proof of the source of the pawned jewelry. At the deferred sentencing hearing, defense counsel stated the pawned items had been gifts from relatives or Hull's boyfriend but he had been unable to obtain evidence to establish that fact. The district judge then imposed an additional year sentence, on the ground Hull had committed other thefts. Also, the district court rejected the presentence report's recommendation that Hull receive probation, on the ground incarceration was necessary for her rehabilitation because she had expressed no remorse and had failed to take responsibility for the theft. Hull challenges both aspects of the sentence.

A defendant's due process rights are violated when a trial judge relies on materially false or unreliable information in sentencing. *United States v. Messer*, 785 F.2d 832, 834 (9th Cir.1986). A sentence must be vacated if it was based on information that lacks "some minimal indicium of reliability beyond mere allegation." *United States v. Ibarra*, 737 F.2d 825, 827

(9th Cir.1984) (quoting *United States v. Baylin*, 696 F.2d 1030, 1040 (3d Cir.1982)).

The district court did not abuse its discretion in considering the evidence that Hull had committed other thefts. Hull does not contest the accuracy of the information on which the judge relied: that jewelry packages had disappeared from her section, that the thefts stopped after she was arrested, and that she had pawned jewelry. These facts provided sufficient indicia of reliability of the inference that Hull had committed the other thefts to justify reliance on that inference in determining Hull's sentence.

Hull contends that the district court's denial of probation because she did not express remorse punished her for exercising her fifth amendment right against self-incrimination. We rejected this argument in *United States v. Segal*, 549 F.2d 1293, 1299 n. 3 (9th Cir.1977), stating "a sentencing court could impose a harsh sentence as a penalty for the defendant's refusal to admit his guilt, since an admission would evidence the first step in rehabilitation." *See also United States v. Long*, 706 F.2d 1044, 1055 (9th Cir.1983); *Gollaher v. United States*, 419 F.2d 520, 529–31 (9th Cir.1969).

Hull's challenge of the district court's refusal to grant her a continuance to replace the public defender with private counsel is without merit. She first made the request the day before trial, stating that she lacked confidence in her attorney because she believed he did not have adequate knowledge of her case. She gave no reason for this belief. The court denied the request because of its lateness, and because the court concluded Hull had "a very fine attorney" and that her lack of confidence in him flowed from her lack of knowledge of legal proceedings. On the day of trial Hull requested a recess until her new attorney could appear, but said the new attorney would not be prepared to proceed with trial that morning. The court found the request was motivated by a desire to delay, based on the fact that Hull had had two months to obtain counsel and that she was now attempting on the day of trial to bring in an attorney who was not prepared to go to trial. This finding was not clearly erroneous, and the district court did not abuse its discretion in denying the continuance.

The facts are critically different from those of *Armant v. Marquez*, 772 F.2d 552 (9th Cir.1985). In *Armant* the court noted there was no suggestion the continuance was sought to delay trial—defendant first asked to represent himself six weeks before trial and would have remained in jail during the continuance. *Id.* at 558. Here the district court found the motion had been made for purposes of delay—the motion was first made the day before trial and Hull was free on bail.

AFFIRMED.