958 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
John J. ALVARADO, Defendant-Appellant.
 No. 90-50546.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1992.
Decided March 26, 1992.
 
 Before WALLACE, JAMES R. BROWNING and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alvarado appeals from a judgment of conviction for presenting false claims to the government. 18 U.S.C. § 287 (1988). We affirm.
 
 DISCUSSION
 1. Motion for Judgment of Acquittal
 
 3
 Alvarado contends that the court erred in denying his motion for judgment of acquittal because his contract with the government establishes a complete defense. He relies on Federal Acquisition Regulation 52.216-7, incorporated by reference into the contract. The regulation does not aid Alvarado, however, because the evidence showed that he did not purchase or order the boats and falsely represented that he had. The evidence also was sufficient for a rational jury to conclude that Alvarado knew the claims were false.
 
 2. Newly Discovered Evidence
 
 4
 Alvarado argues that newly discovered evidence warrants a new trial. We disagree. The affidavits and the business records were not newly discovered. Alvarado offers no reason why he could not have obtained the affidavits earlier, and he acknowledges that the business records were available before trial and his attorney reviewed them.
 
 
 5
 Kinum's affidavit recanting in part her trial testimony does not entitle Alvarado to a new trial because the revised testimony probably would not have resulted in an acquittal. Kinum's ploy of ordering the boats by writing purchase invoices in her capacity as an agent for Gibson and handing them over to herself as an employee of Harborside was a sham. Kinum never states that Alvarado was unaware of the practice, and there was evidence at trial that Alvarado knew and directed the practice.
 
 3. Ineffective Assistance
 
 6
 Alvarado contends he is entitled to a new trial because his counsel was ineffective. For a defendant to succeed on that issue on direct appeal, the trial record must show that counsel's performance was deficient and that the deficient performance prejudiced the defendant. United States v. Christoffel, 952 F.2d 1086, 1090 (9th Cir.1991). Counsel's strategy and tactics are presumed to fall "within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984).
 
 
 7
 Counsel's decision not to present a defense that the claims were not false was a reasonable tactical decision. The defense was not likely to prevail because the contract did not permit Alvarado to bill for boats he had not ordered. Counsel's other actions and trial decisions also fall within the wide range of acceptable professional assistance.
 
 4. Prosecutorial Misconduct
 
 8
 Alvarado claims that prosecutorial misconduct entitles him to a new trial. We have reviewed the trial record and conclude that either there was no misconduct, or even assuming that there was misconduct, it was more probable than not harmless. See United States v. McWilliams, 730 F.2d 1218, 1222 (9th Cir.1984) (applying standard).
 
 5. Court's Advice
 
 9
 Alvarado argues that the court's admonition to him that the prosecutor would have "a lot of fun" if Alvarado took the stand violated the Fifth and Sixth Amendments because it affected his decision not to testify. A court improperly interferes in a defendant's decision to testify when it uses coercive tactics or otherwise impairs a defendant's free and voluntary choice. See Webb v. Texas, 409 U.S. 95, 98 (1972); United States v. Harlin, 539 F.2d 679, 681 (9th Cir.), cert. denied, 429 U.S. 942 (1976). Here, the court merely pointed out one ramification of testifying. The court did not err.
 
 6. Jury Instructions
 
 10
 Alvarado claims that the court failed to instruct the jury that the claims had to be false and that he had to know they were false. We disagree. The court's instructions, as a whole, did inform the jury that the claims must be false and that Alvarado must know they were false.
 
 
 11
 7. Continuance, Substitution of Counsel and Mistrial
 
 
 12
 The court did not abuse its discretion in denying Alvarado's motion for a continuance, new counsel and a mistrial. A longer continuance was not warranted because the motion was not timely, Alvarado had received several continuances before trial, and his counsel already had reviewed the documents. See United States v. Hull, 792 F.2d 941, 943 (9th Cir.1986) (motion made day before trial properly denied). New counsel was not warranted because he already had received one substitution of counsel, his motion for a second substitution was not timely and the court established that there was not a total breakdown in communication between him and counsel. See United States v. Gonzalez, 800 F.2d 895, 898 (9th Cir.1986) (listing factors to consider). There was no basis for the trial court to grant a mistrial.
 
 8. Hostile Witnesses
 
 13
 Alvarado contends that the court erred by allowing the government to examine employees Kinum and Bentley with leading questions on direct as hostile witnesses. See Fed.R.Evid. 611(c). A trial court has broad discretion in this area. United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987). Alvarado offers nothing to indicate that the witnesses were not hostile to the prosecution.
 
 9. Petition for Writ of Habeas Corpus
 
 14
 After trial Alvarado filed a petition for writ of habeas corpus, 28 U.S.C. § 2255 (1988), alleging the same errors we have rejected above. Accordingly, we affirm the denial of habeas relief.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3