8 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur GARCIA, Petitioner-Appellant,
v.
Robert Glenn BORG; Attorney General of the State of
California; and James Rowland, Respondents-Appellees.
 No. 91-55408.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 5, 1993.*
Decided Sept. 30, 1993.
 
 Before: BROWNING, POOLE, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On the eve of his state murder trial, Appellant Arthur Garcia asked the trial judge for new counsel. Garcia was already on his second appointed counsel, and had already been granted a number of continuances. To grant Garcia's motion, the trial judge realized, would mean another continuance.
 
 
 3
 The judge denied Garcia's request.
 
 
 4
 In this habeas appeal, Garcia argues that the ruling denied him his Sixth Amendment right to counsel. Garcia also argues that because of the judge's ruling, he was forced to accept a plea rather than risk trial with his disfavored counsel. For the reasons described below, we reject Garcia's contentions and affirm.
 
 FACTS AND PROCEDURAL HISTORY
 
 5
 In June 1985, Garcia was charged with murder in connection with a drive-by shooting in Los Angeles. He pleaded not guilty at that time and was appointed counsel. Nine months later, Garcia requested a new appointed counsel. The court granted Garcia's request, and in March 1986 appointed Fred De La Pena to represent him. While awaiting trial, Garcia requested and was granted several continuances.
 
 
 6
 Nine more months went by until, in December 1986, both the prosecution and Mr. De La Pena announced they were ready for trial. But Garcia now asked the court to relieve De La Pena. He said he was dissatisfied with a proposed plea agreement De La Pena had negotiated, and wanted to retain other counsel. The court denied this request, noting that it was the eve of trial and that a continuance would be necessary if Garcia were to seek other counsel. The court then assigned the case to a judge for trial.
 
 
 7
 The next day Garcia pleaded guilty to second degree murder, in return for which the state dropped its allegations of certain aggravating circumstances in the killing. At first Garcia told the trial judge that he was making the plea because he had been refused new counsel, and thought he would be convicted in a trial with De La Pena. On hearing this, the judge called a recess to allow Garcia to talk further with De La Pena. Garcia then changed his mind, deciding, according to the magistrate judge's findings, that the plea agreement was in his best interest. Garcia entered his plea.
 
 
 8
 Garcia was convicted and sentenced to state prison for a term of fifteen years to life. The State Court of Appeal affirmed the conviction, and the California Supreme Court denied Garcia's petition for review.
 
 
 9
 Garcia then filed a petition for habeas corpus in the Central District of California. The district judge accepted a magistrate judge's recommendation to dismiss the petition. The district court issued a certificate of probable cause and this appeal followed. We have jurisdiction under 28 U.S.C. § 2253.
 
 
 10
 Garcia argues (1) that the California court's refusal to continue his trial deprived him of his right to counsel, and (2) that his subsequent plea was not voluntary, but was entered into to avoid a trial with counsel he mistrusted.
 
 ANALYSIS AND DISCUSSION
 I. Denial of Right to Counsel
 
 11
 Normally, a trial court's decision to deny a defendant's request for a continuance is reviewed for abuse of discretion. United States v. Donaghe, 924 F.2d 940, 943 (9th Cir.), cert. denied, 112 S.Ct. 204 (1991). "When the defendant's sixth amendment right to counsel is implicated, however, a court must balance several factors to determine if the denial was 'fair and reasonable.' " United States v. Studley, 783 F.2d 934, 938 (9th Cir.1986) (quoting United States v. Leavitt, 608 F.2d 1290, 1293 (9th Cir.1979)); Donaghe, 924 F.2d at 943.
 
 
 12
 The factors are "whether the continuance would inconvenience witnesses, the court, counsel, or the parties; whether other continuances have been granted; whether legitimate reasons exist for the delay; whether the delay is the defendant's fault; and whether a denial would prejudice the defendant." Id. (internal quotation marks omitted) (quoting United States v. Kelm, 827 F.2d 1319, 1322 n. 2 (9th Cir.1987)).
 
 
 13
 A defendant's Sixth Amendment's guarantee of counsel is thus not absolute: indeed, where a defendant has purposefully caused delay, "a court may constitutionally deny a continuance even when that denial results in the defendant's being unrepresented at trial." Leavitt, 608 F.2d at 1293 (citing cases); accord Kelm, 827 F.2d at 1322.
 
 
 14
 Numerous cases have applied these principles to uphold denials of continuances requested on the eve of trial. United States v. Hull, 792 F.2d 941, 943 (9th Cir.1986) (request made the day before trial); Leavitt, 608 F.2d at 1293 (same); Studley, 783 F.2d at 939 (request made the morning of trial); Donaghe, 924 F.2d at 943 (request made after hearing had begun). But cf. United States v. Walker, 915 F.2d 480, 482-85 (9th Cir.1990) (reversible error where defendant had requested new counsel in writing one week before trial, and where there were irreconcilable differences between counsel and defendant).
 
 
 15
 Also weighing heavily against Garcia is the fact that he (1) had one and one-half years to prepare his defense, (2) had already had the services of two lawyers, (3) had been paired with De La Pena for nine months without apparent problems before his sudden request for new counsel, and (4) had already successfully requested several continuances. In denying relief to a similarly situated defendant in United States v. Robinson, 967 F.2d 287, 291 (9th Cir.1992), we said:
 
 
 16
 the district court allowed Robinson almost one year ... and the services of three attorneys to prepare his defense. Robinson had already been given two previous continuances of trial. Any further delay would have inconvenienced the court, the government, and the government's thirteen witnesses.
 
 
 17
 See also Leavitt, 608 F.2d at 1293-94 (defendant was previously given a continuance and did not adequately show why he had not retained counsel earlier).
 
 
 18
 These cases show that Garcia's claim is meritless. There is no evidence in the record explaining why Garcia had to wait until both sides were ready for trial before making his motion. He did not demonstrate an irreconcilable difference with counsel. Under these circumstances, it was not an unconstitutional abuse of the trial court's discretion to deny Garcia's continuance. His habeas claim on this theory is therefore rejected.
 
 II. Voluntariness of the Plea
 
 19
 Garcia also claims that his guilty plea was involuntary, because his only alternative to the plea was a trial with counsel he mistrusted. A guilty plea must, of course, be knowing and voluntary. Parke v. Raley, 113 S.Ct. 517, 523 (1992). The record must make clear that a defendant knowingly and intelligently waived the constitutional rights to which he would otherwise be entitled. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969).
 
 
 20
 We hold that Garcia's guilty plea in this case was both knowing and voluntary. The district court adopted the magistrate judge's finding that in the recess after Garcia's initial hesitation about the plea, Garcia decided the plea was a good idea and waived his earlier objection to it. Garcia then went through a full plea colloquy with the trial judge, explicitly waiving his constitutional and statutory rights. These waivers were both knowing and voluntary.
 
 
 21
 The district court's dismissal of Garcia' habeas petition is AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3