NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10244 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00007-RCJ-VPC-1 |
| v. | |
| NELSON RAY MCKEE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted October 16, 2018
San Francisco, California

Before: THOMAS, Chief Judge, GRABER, Circuit Judge, and LASNIK,**
District Judge.

Nelson Ray McKee appeals his jury conviction for voluntary manslaughter

within Indian Country in the stabbing of his wife, Cheryl Jackson McKee

("Jackson"), on December 31, 2014. At the outset, the district court denied in part

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

McKee's motion to suppress certain evidence as having been obtained in violation of his Fourth Amendment rights. In the course of the trial, the district court also excluded portions of the testimony of a witness, Lekeisha Crutcher, and McKee's expert, Lawrence Lee Renner. McKee received a 120-month sentence, one year above the range indicated in the Guidelines issued by the United States Sentencing Commission. On appeal, he challenges these three rulings and the upward variance in his sentence. We have jurisdiction under 18 U.S.C § 1153, and we affirm.

1. Denial of Motion to Suppress Evidence

The government has the burden of proving that consent was given to a warrantless search. United States v. Arreguin, 735 F.3d 1168, 1174 (9th Cir. 2013) (citing United States v. Welch, 4 F.3d 761, 764 (9th Cir. 1993)). "On appeal, evidence regarding the question of consent must be viewed in the light most favorable to the fact-finder's decision." United States v. Patayan Soriano, 361 F.3d 494, 501 (9th Cir. 2004) (quoting United States v. Kaplan, 895 F.2d 618, 622 (9th Cir.1990)).

We first review the district court's underlying factual findings for clear error. United States v. Lara, 815 F.3d 605, 608–09 (9th Cir. 2016) (citing United States v. Mayer, 560 F.3d 948, 956 (9th Cir. 2009)). The district court concluded that McKee "likely orally consented" to the entry. This finding is not clearly erroneous.

17-10244

We review de novo the denial of a motion to suppress evidence. Lara, 815 F.3d at 608–09 (citing Mayer, 560 F.3d at 956). Consent to a warrantless search and seizure must be "unequivocal and specific and freely and intelligently given. There must be convincing evidence that [a] defendant has waived his rights. There must be clear and positive testimony." United States v. Shaibu, 920 F.2d 1423, 1426 (9th Cir. 1990) (internal quotation marks omitted) (quoting United States v. Page, 302 F.2d 81, 83–84 (9th Cir. 1962)). The finding that McKee orally consented to the entry meets this threshold. The court therefore did not err in denying the motion.

## 2. Exclusion of Present Sense Impression Testimony

At trial, Lekeisha Crutcher ("Lekeisha") was prevented from testifying that she heard Brittany Abel say, "I see a van leaving up Hazard Road." The parties agree that the district court erred in excluding this testimony. We therefore review for harmless error. United States v. Morales, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc) (citing United States v. Rahm, 993 F.2d 1405, 1414 (9th Cir. 1993)). We reverse unless "it is more probable than not that the error did not materially affect the verdict." Id. (citing United States v. Crosby, 75 F.3d 1343, 1349 (9th Cir.1996)). We affirm, because the excluded testimony came in later through Lekeisha's husband, Chad Crutcher. He testified that he heard Abel say, "Well, who's that? Who's that leaving . . . down the road?" He also testified that he saw

the van himself.

3. Exclusion of Expert Testimony

We review the admission or exclusion of expert testimony for an abuse of discretion. Earp v. Cullen, 623 F.3d 1065, 1075 (9th Cir. 2010) (citing United States v. W.R. Grace, 504 F.3d 745, 759 (9th Cir. 2007)).

First, Renner was asked to analyze Jackson's injuries, and the use of a knife to inflict them, as they pertained to the likelihood of a suicide versus a homicide. The court interrupted, stating that the testimony had ventured into a manner-of-death determination. This exclusion was not an abuse of discretion. On voir dire, Renner testified that he had never acted as a forensic pathologist or a coroner and had no experience with manner-of-death determinations. He was accepted as an expert only for crime scene interpretation and reconstruction and blood pattern identification.

Second, Renner was asked whether "the location of the [two] knives at the same spot as the notes" was significant. He responded, "it's less likely that you had two individuals who would assault somebody and then lay the knives both down close together on a table. It would be more consistent with a suicide-type situation." This is the answer that the district court struck, stating that an appropriate foundation as to the location of the knives had not yet been established, that Renner was not offered as an expert on manner of death determinations, and

4

that Renner was being impermissibly asked whether the scene was more consistent with a suicide versus a homicide. The district court then clarified that Renner could be directed to testify regarding where the knives were found, but that he could not be asked whether that made a suicide less likely.

This was an error. Expert opinions on ultimate issues are generally permissible. Fed. R. Evid. 704(a); Morales, 108 F.3d at 1035. And the location of the two bloody knives falls within the scope of Renner's expertise in crime scene reconstruction.

The error, however, was harmless. The defense's alternative theory concerning multiple unknown assailants was never substantially advanced. Whether there was one assailant or two does not necessarily affect the assessment of McKee's guilt. Moreover, the extensive remainder of Renner's testimony on the likelihood of a suicide was admitted.

### 4. Upward Variance in Sentence

We review the imposition of a sentence for an abuse of discretion in two steps. First, we determine whether the district court committed procedural error. Second, we consider the substantive reasonableness of the sentence. United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008) (citing Gall v. United States, 552 U.S. 38, 51 (2007). There was no procedural error. McKee's Fifth Amendment rights were not violated. The district court was entitled to take the lack of remorse

17-10244

evidenced by McKee's statement into consideration in imposing the sentence. United States v. Hull, 792 F.2d 941, 943 (9th Cir. 1986) (per curiam). The sentence was not imposed to promote McKee's rehabilitation. Tapia v. United States, 564 U.S. 319, 334 (2011). In the totality of the circumstances, the sentence was substantively reasonable. Carty, 520 F.3d at 993 (citing Gall, 552 U.S. at 51).

**AFFIRMED**.