**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50046 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00296-JFW-1 |
| v. | |
| EDGAR HERNANDEZ LEMUS, AKA Edgar Hernanez Lemus, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50051 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00296-JFW-3 |
| v. | |
| JUNIOR ALMENDAREZ MARTINEZ, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted December 5, 2023
Pasadena, California

Before: WARDLAW, LEE, and BUMATAY, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants Edgar Hernandez Lemus ("Lemus") and Junior Almendarez Martinez ("Almendarez") appeal their convictions and sentences stemming from their part in a conspiracy to receive the proceeds of extortion. Lemus and Almendarez were convicted of conspiracy to receive the proceeds of extortion in violation of 18 U.S.C. § 371 and aiding and abetting the possession of proceeds of extortion in violation of 18 U.S.C. §§ 880, § 2(a). Lemus was also convicted of possession of proceeds of extortion in violation of 18 U.S.C. § 880. In a concurrently filed opinion, we address Defendants' arguments about the interpretation of § 880. In this memorandum disposition, we address Defendants' challenges to the sufficiency of the evidence supporting their convictions and their sentences. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm their convictions and vacate their sentences in part and remand.

1. Sufficient evidence supports Defendants' convictions. Defendants failed to preserve this challenge by filing a motion for judgment of acquittal, so we review for plain error. *United States v. Gonzales*, 528 F.3d 1207, 1210 (9th Cir. 2008).

Lemus mainly argues the government failed to present sufficient evidence showing that he knew the proceeds he received were from extortion. But as we explain in our accompanying published opinion, § 880 requires only that a defendant know the proceeds were "unlawfully obtained." *See* 18 U.S.C. § 880. Even so, the government presented evidence that Lemus received a bag of money from the

husband of a kidnapping victim, who asked a person believed to be Lemus, "where was my wife." Lemus did not respond and left with the bag of money. This is sufficient evidence to convict Lemus under § 880. Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could have found Lemus knew the proceeds were "unlawfully obtained" beyond a reasonable doubt. *See United States v. Chung*, 659 F.3d 815, 823 (9th Cir. 2011).

As for Almendarez, three pieces of evidence persuade us the sufficiency-of-the-evidence standard has been met. First, the record shows that Almendarez parted company with his co-conspirators immediately after they had collected ransom money at a Target store and traveled back to their house with a package in an Uber. Second, Almendarez had been stopped and arrested for money laundering while driving with Lemus and a co-conspirator in possession of a package with a large sum of money. Third, Almendarez told law enforcement that he "knew something bad would happen if he was caught with the package." Viewed in the light most favorable to the prosecution, a rational jury could infer that Almendarez traveled with some or all of the ransom money separately to decrease the risk of being stopped by police, that he knew his co-conspirators were engaged in unlawful activity, and that he was afraid of legal repercussions from carrying the money. These inferences support the jury's finding that he knew the proceeds were unlawfully obtained. *See Chung*, 659 F.3d at 823.

3

2. Defendants contest the restitution amount imposed by the district court. At sentencing, the district court attributed a sum of §53,980 to payments received from victim J.L. At trial, however, J.L. testified that he paid only $30,000 in ransom. The government conceded at oral argument that the district court plainly erred in its calculation of the restitution it ordered Defendants to pay. We agree, and remand to the district court for the limited purpose of correcting the restitution amount.

3. Lemus also challenges the district court's decision to vary upwards from the guideline range, arguing that the district court abused its discretion by relying upon a finding that he knew about the kidnapping aspect of the scheme. In Lemus's view, this finding lacks support in the record. We disagree. In light of Lemus's frequent trips to Mexico, repeated meetings with ransom payers, including one who explicitly inquired as to his wife's location, and role in keeping track of payments, the district court's finding that Lemus was aware of the kidnappings does not constitute an abuse of discretion.

To the extent Lemus also argues that the district court punished him for exercising his trial rights, again we find that the record contravenes this contention. The district court expressly clarified that its sentence "in no way has taken into consideration that the defendant chose to go to trial and in no way constitutes a trial penalty as described in the defendant's papers." Instead, the district court considered Lemus's failure to accept responsibility—an appropriate sentencing factor. *See*

*United States v. Hull*, 792 F.2d 941, 943 (9th Cir. 1986); *see also United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013) (noting that district courts may vary upwards if a Guidelines range does not fully account for, among other things, the "harm to the victims" or "the egregiousness of [the defendant's] conduct").

We **AFFIRM** Defendants' convictions and their sentences except as to the issue of the amount of restitution. We **VACATE** the order of restitution in the amount of $125,980 and **REMAND** to the district court for the sole purpose of correcting the amount of restitution related to J.L. On remand, the record shall remain closed.

**AFFIRMED in part**, **VACATED in part**, and **REMANDED**