FILED

**NOT FOR PUBLICATION**

MAR 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10255 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00753-CKJ-JJM-5 |
| v. | |
| RUPERTO GUILLEN-CERVANTES, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10279 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00753-CKJ-JJM-6 |
| v. | |
| BETTY CASTILLO, | |
| Defendant - Appellant. | |

Appeals from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted January 13, 2014, as to 12-10255;
Submitted January 13, 2014, as to 12-10279**

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

San Francisco, California

Before: GRABER and NGUYEN, Circuit Judges, and DEARIE, Senior District Judge.[**]

Co-defendants Ruperto Guillen-Cervantes and Betty Castillo were convicted of violating 8 U.S.C. § 1324 by virtue of their participation in a conspiracy to transport and harbor unlawful aliens. They raise a number of challenges to their respective convictions, sentences, and forfeiture judgments. We ordered the two cases consolidated, and we now affirm.[1]

1. The district court did not err in denying Guillen-Cervantes a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). To merit such a hearing, a defendant must present "allegations of deliberate falsehood or of reckless disregard for the truth," and "point out specifically the portion of the warrant affidavit that is claimed to be false." *Id.* at 171. Before the district court, Guillen-Cervantes did neither. His reliance on alleged overstatements in the government's wiretap

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Raymond J. Dearie, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

[1] We address Castillo's Fifth Amendment due process arguments in an opinion filed this date.

2

affidavit and his promise that a misrepresentation would be revealed during a *Franks* hearing, if granted, do not suffice.

2. The district court did not abuse its discretion in finding that the government demonstrated sufficient necessity to justify the wiretap. The affidavit set forth the government's good faith efforts to utilize traditional investigative techniques before seeking a wiretap and offered sufficiently particularized arguments to support a finding of necessity. Specifically, the government provided a number of reasons why, in the context of its investigation, physical and video surveillance, sources of information and confidential informants, arrestees, undercover agents, pen and trap data collection, and trash runs had been and would continue to be unsuccessful in achieving the goals of the investigation. We employ a "common sense approach to evaluate the reasonableness of the government's good faith efforts to use traditional investigative tactics or its decision to forgo such tactics." *United States v. Rivera*, 527 F.3d 891, 902 (9th Cir. 2008) (quoting *United States v. Gonzalez, Inc.*, 412 F.3d 1102, 1112 (9th Cir. 2005), *amended on denial of reh'g*, 437 F.3d 854 (9th Cir. 2006)) (internal quotation mark omitted). In doing so, we find that the government's wiretap affidavit satisfies 18 U.S.C. § 2518(3)(c), especially in light of the greater leeway the government enjoys when

pursuing a criminal conspiracy. *See United States v. Garcia-Villalba*, 585 F.3d 1223, 1230 (9th Cir. 2009).

3. The district court correctly applied a preponderance of the evidence standard in determining the number of unlawful aliens attributable to Guillen-Cervantes. *See United States v. Hernandez-Franco*, 189 F.3d 1151, 1159 (9th Cir. 1999). Moreover, the district court did not clearly err in finding that Guillen-Cervantes was responsible for the smuggling, transport, or harboring of a hundred or more unlawful aliens for purposes of the sentencing enhancement pursuant to U.S. Sentencing Guidelines § 2L1.1(b)(2)(C). At the forfeiture hearing, a government agent testified that he had reviewed intercepted phone conversations and stationary pole camera video footage from May 2009 through mid-April 2010, and based on those efforts, he determined that Guillen-Cervantes's business had facilitated the transport of 114 unlawful aliens during that period. Though it is not entirely clear whether this figure was the product of some extrapolation, we nonetheless find no clear error because of the government agent's firsthand review and analysis of the phone conversations and video footage discussed above. *See Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (noting that reversal on clear error requires a "definite and firm conviction that a mistake has been committed" (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal

4

quotation mark omitted)). Even if the district court should have employed a "clear and convincing standard," our conclusion would be unchanged.

4. Castillo's forfeiture order does not contravene the Eighth Amendment because the Excessive Fines Clause is inapplicable to the forfeiture of criminal proceeds. "[C]riminal proceeds represent the paradigmatic example of 'guilty property,' the forfeiture of which has been traditionally regarded as non-punitive . . . ." *United States v. 22 Santa Barbara Drive*, 264 F.3d 860, 874 (9th Cir. 2001). As a non-punitive forfeiture, Castillo's order thus falls outside the ambit of the Eighth Amendment. *See Austin v. United States*, 509 U.S. 602, 609–10 (1993).

5. The district court was not obliged to explain the disparity between Castillo's sentence and that of co-defendant Gloria Vera. Castillo's reliance on *United States v. Capriola*, 537 F.2d 319 (9th Cir. 1976) (per curiam), is unavailing given that *Capriola* has been limited to its facts. *See United States v. Hall*, 778 F.2d 1427, 1428 (9th Cir. 1985). Moreover, Castillo does not argue that she incurred a more severe sentence as a result of her exercise of a constitutional right. *See id*. at 1428–29.

6. The district court's denial of a two-level downward sentencing adjustment for Castillo based on acceptance of responsibility did not constitute clear error. First, Castillo did not proceed to trial in order to assert and preserve an

issue unrelated to factual guilt. *See* U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.2. Rather, she contested her factual guilt in order to avoid a particular consequence of conviction—namely, deportation. Second, the two-level downward sentencing adjustment was not required under *United States v. McKinney*, 15 F.3d 849 (9th Cir. 1994). Unlike Castillo, the defendant there demonstrated significant contrition in his pretrial statements and conduct. *See id.* at 852–53; *see also* U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.2 ("[A] determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.").

**AFFIRMED**.