UNITED STATES of America, Plaintiff–Appellee,

v.

Keith SHWAYDER, Michael G. Swan, and Kevin Orton, Defendants– Appellants.

Nos. 01–10156, 01–10176 and 01–10186.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2002.

Opinion Filed Dec. 5, 2002.

Amended Feb. 24, 2003.

John D. Cline, Freedman, Boyd, Daniels, Hollander, Goldberg & Cline P.A.,

Albuquerque, NM; Alan Ellis and Karen Landau, Law Offices of Alan Ellis, Sausalito, CA; Douglass A. Mitchell, Dickerson, Dickerson, Consul & Pocker, Las Vegas, NV, for the defendants-appellants.

J. Gregory Damm and Bruce M. Bettigole, Office of the United States Attorney, Las Vegas, NV, and Kirby A. Heller, Appellate Section, Criminal Division, United States Department of Justice, Washington, D.C., for the plaintiff-appellee.

Before: HUG and BERZON, Circuit Judges, and LASNIK,* District Judge.

## ORDER

The opinion of this court in the above-captioned case issued December 5, 2002 (312 F.3d 1109), is amended as follows:

Slip Op. page 19, lines 11–23 [312 F.3d at 1109–20], change:

"There was one fact not available from an independent source—that Swan had lied to Schlie during his prior representation. It is difficult, however, to characterize Schlie's failure to mention this fact as an adverse effect caused by his former representation of Swan. Schlie would never have known that Swan lied to his former lawyer if he had not been that lawyer. As no other lawyer could have cross-examined Swan on that point, Schlie's representation was no different as to that point than it would have been without the conflict.

In any event, the omission regarding Swan's lies to Schlie had at most a negligible effect. Schlie emphasized in closing that Swan had lied to everyone else, specifically mentioning "his lawyer," as well as Shwayder."

to

"There was one fact not available from an independent source—that Swan had lied to Schlie during his prior representation. It is impossible, however, to characterize Schlie's failure to mention this fact as an adverse effect caused by his former representation of Swan. Schlie's communications with Swan were protected by the attorney-client privilege, so they could not have been elicited by any other lawyer either. Schlie did, nevertheless, emphasize in closing that Swan had lied to everyone else, specifically mentioning "his [other] lawyer," as well as Shwayder."

\*    \*    \*    \*    \*    \*

With these amendments, the panel has unanimously voted to deny appellant's petition for rehearing. Judge Berzon has voted to deny the petition for rehearing en banc. Judges Hug and Lasnik recommend denial of the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

The petition for rehearing is denied and the petition for rehearing en banc is denied.

Appellant's motion for leave to file a reply in support of the petition for rehearing is denied as moot.

---

* The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.