**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 14 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-30332 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00014-RMP-1 |
| v. | |
| LOUIS DANIEL SMITH, AKA Daniel Smith, AKA Daniel Votino, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted August 31, 2017
Seattle, Washington

Before:  McKEOWN and GOULD, Circuit Judges, and FOOTE,[**] District Judge.

Defendant-Appellant Louis Smith appeals his convictions for conspiracy to

introduce misbranded drugs into interstate commerce, import merchandise contrary

to law, and defraud the United States, in violation of 18 U.S.C. § 371 (count one);

introduction of misbranded drugs into interstate commerce, in violation of 21

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

U.S.C. §§ 331(a) and 333(a)(2) (counts two through four); and smuggling, in violation of 18 U.S.C. § 545 (count six). These convictions stem from Smith's manufacture, marketing, and distribution of Miracle Mineral Solution ("MMS"), as well as his importation of sodium chlorite, a chemical necessary to manufacture MMS. On appeal, Smith argues: (1) the indictment was defective on all counts for failure to allege an essential element of each crime; (2) there was insufficient evidence to sustain his conviction on each count; (3) the district court erred in its jury instructions on each count; (4) the district court erred in refusing to suppress evidence; (5) Smith's appointed counsel suffered from a conflict of interest; and (6) the district court violated Smith's Sixth Amendment rights by denying his various motions to continue his trial. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.     Counts Two Through Four

Smith contends that his convictions on counts two through four must be reversed because the indictment failed to allege materiality. The sufficiency of the indictment is reviewed *de novo*. *United States v. O'Donnell*, 608 F.3d 546, 555 (9th Cir. 2010). An indictment must be specific in what it charges and cannot simply repeat the language found in the criminal statute. *Id.* However, it must "be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *Id.* (quoting *United States v. Givens*,

2

767 F.2d 574 (9th Cir. 1985)) (internal marks omitted). We have found that materiality is a required element of proof in a misbranding offense. *United States v. Watkins*, 278 F.3d 961, 965-66 (9th Cir. 2002). However, an indictment does not have to allege materiality if the facts in the indictment support an inference of materiality. *United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007).

Counts two through four charged that, in violation of 21 U.S.C. §§ 331(a) and 333(a)(2), Smith and his co-defendants, with the intent to defraud and mislead, introduced, delivered for introduction, and caused the introduction and delivery into interstate commerce of a drug that was misbranded because it was manufactured in an establishment not registered with the Secretary of Health and Human Services. Section 331(a) provides two tiers of liability for misbranding violations. Felony misbranding, per § 333(a)(2), requires that the defendant acted with intent to defraud or mislead.

Smith's criminal intent to defraud or mislead is linked to his introduction of MMS into interstate commerce, which is sufficiently detailed in the indictment. The indictment alleged a pattern of systematic and widespread misrepresentations and omissions of material fact that were plainly made with the intent to deceive and mislead Smith's suppliers and the government. Counts two through four of the indictment satisfied the requisite standard of sufficiency. Smith's claim is without merit.

3

Smith next contends there was insufficient evidence to prove that the MMS relevant to counts two through four was manufactured in an unregistered facility, which rendered it a misbranded drug. Sufficiency of the evidence is reviewed *de novo*. *United States v. Odom*, 329 F.3d 1032, 1034 (9th Cir. 2003). We must determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The elements may be proved by circumstantial evidence. *See United States v. Loveland*, 825 F.3d 555, 561 (9th Cir. 2016). While mere speculation is insufficient to support a verdict, all reasonable inferences must be drawn in favor of the government.

The trial testimony, viewed as a whole, established that at the time of the investigation, the facility in which the MMS was made was not a registered manufacturer of drugs as required by federal statutes and regulations. Viewed in the light most favorable to the prosecution and taking into account all reasonable inferences, the evidence was sufficient to prove that MMS was manufactured in an unregistered facility. Smith's assertions to the contrary are without merit.

Next, Smith challenges the sufficiency of the evidence to sustain his substantive misbranding convictions. However, there was sufficient evidence at trial from which a rational jury could conclude that Smith intended to mislead

4

suppliers and authorities about the intended use of MMS by consumers. This challenge fails.

Smith next insists that Jury Instruction 13, which was given in regards to the substantive misbranding counts, directed a verdict that MMS was misbranded. When no objection is raised at trial to the jury instructions, we review for plain error. *United States v. Nobari*, 574 F.3d 1065, 1080 (9th Cir. 2009). There are four requirements for a finding of plain error: (1) error, (2) that is plain, (3) affecting substantial rights, "which in the ordinary case means it affected the outcome of the district court proceedings," and (4) "seriously affect[ing] the fairness, integrity or public reputation of judicial proceedings." *United States v. Lapier*, 796 F.3d 1090, 1096 (9th Cir. 2015) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)). Instruction 13 was provided in the context of defining and contextualizing each of the four elements the jury had to consider for the misbranding offenses. Instruction 13 did not direct a verdict, but merely reminded the jury of the precise way in which the offenses were charged in the indictment. The court did not err in giving Instruction 13.

Smith also challenges Jury Instruction 10, which required the jury to consider whether he "acted with the intent to defraud or mislead when he introduced MMS products into interstate commerce." The court did not err in giving Jury Instruction 10, which was an accurate statement of the law and

5

consistent with the charged statutes.

## II.   Count Six

Smith avers that the indictment failed to charge materiality with respect to count six.  Count six charged Smith with fraudulently and knowingly importing sodium chlorite, contrary to § 331(a), in that sodium chlorite was a bulk drug ingredient that was misbranded, and that Smith did knowingly and fraudulently receive, conceal, buy, sell, and facilitate the transportation, concealment, and sale of the sodium chlorite, after importation, knowing it to have been imported and brought into the United States contrary to law, in violation of 18 U.S.C. § 545.

Although the term materiality is not used in 18 U.S.C. § 545, the statute does use the term fraudulently, which can be interpreted as requiring an intent to defraud.  Following *Neder v. United States*, 527 U.S. 1 (1999), we have instructed that the settled meaning of intent to defraud requires a showing of materiality. *Watkins*, 278 F.3d at 965.  Given this settled meaning, we "must presume that Congress intended to incorporate materiality unless the statute otherwise dictates." *Id.* (quoting *Neder*, 527 U.S. at 23).  Here, the indictment was sufficiently detailed to warrant the inference of material misrepresentations and omissions made with respect to Smith's importation of sodium chlorite.  Smith's claim is without merit.

Smith next argues there was insufficient evidence to sustain his conviction on count six.  To the contrary, there was sufficient evidence at trial to establish that

6

Smith caused shipments of sodium chlorite to be imported or brought into the United States from Canada, contrary to law. Specifically, the evidence established that Smith paid a Canadian distributor to ship sodium chlorite to a fictitious company, created by Smith to facilitate the importation and receipt of this chemical, and that the stated purpose of the sodium chlorite was for use in wastewater treatment, which was plainly untrue, given Smith's intent to employ it in the manufacture of MMS. There was sufficient evidence to sustain Smith's conviction on this count, and his challenge fails accordingly.

Smith next contends that the court plainly erred by not including a knowledge component in its jury instructions on count six. Instead, the court required the jury to find that Smith fraudulently imported the sodium chlorite. "Fraudulently" importing unlawful merchandise–doing so with the intent to defraud–requires specific intent, while "knowingly" committing an act requires only general intent. *See generally Carter v. United States*, 530 U.S. 255, 268-70 (2000). Thus, specific intent is a more stringent standard and encompasses the lower standard of general intent. *See United States v. Doe*, 136 F.3d 631, 637 (9th Cir. 1998). The court did not err by requiring proof of intent to defraud, a specific intent standard, which was more rigorous to prove than knowledge, a general intent standard.

## III. Count One

Smith challenges count one of the indictment, which charged one conspiracy, comprised of three different objectives: (1) to introduce misbranded drugs into interstate commerce, (2) to smuggle, and (3) to defraud the United States by impeding, impairing, and defeating the FDA's functions and duties. Smith contends that because his substantive convictions should be reversed, we must necessarily reverse his conspiracy conviction. We reject this argument, as there was sufficient evidence to sustain the substantive convictions, as discussed above.

Next, with respect to count one's third objective only (conspiracy to defraud the United States by impeding, impairing, and defeating the FDA's functions and duties), Smith challenges the sufficiency of the indictment, the sufficiency of the evidence, and the jury instructions. Count one will stand regardless of our findings on objective three because count one's two other objectives are unchallenged on appeal. Furthermore, the verdict form contained three separate findings, one for each objective of the conspiracy. The jury found Smith guilty of all three objectives. The guilty verdict can be sustained on the basis of any one or more of the objectives set forth in the indictment. Thus, an error in the charging, evidence, or instruction for the third objective, if any, would be harmless. This challenge fails.

Smith next asserts that the jury instructions were deficient because they failed to include a buyer-seller instruction. In this case, the buyer-seller instruction was not warranted by the evidence presented at trial. This claim is without merit.

## IV.    Suppression of Evidence

Smith argues that the district court erred in denying his motion to suppress evidence of the conspiracy that was seized by federal agents during the execution of search warrants. "Whether a search is within the scope of a warrant is a question of law subject to de novo review." *United States v. Hurd*, 499 F.3d 963, 965 (9th Cir. 2007). Smith has failed to identify a single piece of evidence that he believes should have been suppressed; rather, he just refers generally to "evidence of the conspiracy." Thus, Smith has failed to provide "citations to the authorities and parts of the record" on which he relies. Fed. R. App. P. 28(a)(8)(A).

Furthermore, the conspiracy was based upon the same fraudulent scheme and the same overt acts as the substantive counts; therefore, evidence of the substantive counts necessarily constitutes evidence of the conspiracy. In this case, Smith has failed to pinpoint any discrete evidence that would be considered evidence of the conspiracy, but could not be deemed evidence of the substantive offenses. The district court did not err in denying the motion to suppress.

## V.    Conflict of Interest

Smith asserts that his appointed counsel suffered from a conflict of interest

that required the district court to remove him as counsel. The court's failure to do so, Smith submits, violated his Sixth Amendment rights. A defendant's Sixth Amendment right to counsel includes the "correlative right" to conflict-free legal representation; that is, the right to be represented by an attorney with undivided loyalty. *Wood v. Georgia*, 450 U.S. 261, 271 (1981). To establish a violation of this right, a defendant must demonstrate that an actual conflict of interest adversely affected counsel's performance. *Mickens v. Taylor*, 535 U.S. 162, 171 (2002). If the defendant can show that a conflict of interest "affected the adequacy" of counsel's representation, then he need not demonstrate actual prejudice stemming from the conflict. *Id.* (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 349-50 (1980)). "[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Cuyler*, 446 U.S. at 350.

Smith has not established that an actual conflict existed. The record does not support a finding that counsel actively represented conflicting interests. Nor has Smith shown that a conflict, assuming one even existed, influenced counsel's decisions. *See United States v. Shwayder*, 312 F.3d 1109, 1118 (9th Cir. 2002), *amended by* 320 F.3d 889 (9th Cir. 2003) (explaining that defendant must establish that an actual conflict influenced counsel's performance). Because no actual conflict existed and nothing supports the view that counsel's performance was

10

affected by any claimed conflict, Smith's Sixth Amendment challenge fails as a matter of law.

## VI.    Effective Assistance of Counsel

Smith claims that the court's denial of his motions to continue denied him effective representation in myriad ways. "A district court's decision to grant or deny a continuance is reviewed for abuse of discretion . . . ." *United States v. Moreland*, 622 F.3d 1147, 1158 (9th Cir. 2010). Smith must demonstrate that the trial court "abused its discretion through an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *Houston v. Schomig*, 533 F.3d 1076, 1079 (9th Cir. 2008) (quoting *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (internal marks omitted)).

Here, the court granted numerous continuances over the two years between the indictment and trial. Smith insisted on representing himself and did not request representation until ten days before trial. Counsel's lack of time to adequately prepare for trial was within Smith's control. *See Moreland*, 622 F.3d at 1158 (holding that the district court did not abuse its discretion in denying a continuance when the "need for a continuance was Moreland's fault"). Smith was clearly responsible for the delay in counsel's appointment, counsel's inability to fully engage in active trial preparation, and counsel's lack of insight into the evidence, strategies, and theories of the case. The district court's refusal to grant a sixth

11

continuance was not an abuse of discretion.  Because the court did not abuse its discretion in denying another continuance, we need not reach the issue of whether the denial of the continuance resulted in ineffective assistance of counsel.

**AFFIRMED.**